IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KEVIN JOHNSON )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CHERRY LINDAMOOD, et al . )<br>    Defendant. ) | Civil No. 1:18-cv-00010<br>Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

### I.
### INTRODUCTION

The Plaintiff, Kevin Johnson, a pro se prisoner, filed his original Complaint in this matter on January 26, 2018. Docket No. 1. The Court concluded after performing its initial review under the Prison Litigation Reform Act ("PLRA") that Plaintiff had stated Eighth Amendment claims with respect to the alleged infestation of black mold in his cell against Defendants Lindamood, Deatherage, Wilbanks and Staggs. Docket No. 4. Additionally, it was concluded that the Plaintiff stated an Eight Amendment claim for denying adequate medical care against nurse Jane Doe. The Plaintiff thereafter filed a Motion for Leave to file an Amended Complaint (Docket No. 10) indicating he was now able to name the Jane Doe nurse which the Court granted and ordered that Plaintiff file his Amended Complaint on or before May 21, 2018. Docket No. 13. The Plaintiff thereafter filed the Amended Complaint, but the Amended Complaint was not signed. Docket No. 25. The undersigned then ordered the Plaintiff to correct the failure (Docket No. 34) and Plaintiff filed a document styled "Amended Complaint Part II," (Docket No. 35) and signed version of the first Amended Complaint (Docket No. 37). Plaintiff was ordered to refile his Amended Complaint for failure to comply with Rule 15.01(b) following Defendants' Motion to Strike Plaintiff's

"Amended Complaint Part II". Docket No. 56. Plaintiff was granted an extension of time in order to file a "concise Amended Complaint with clear allegations against each Defendant," by November 6, 2018. Docket No. 62. On November 5, 2018, Plaintiff requested an additional thirty-day extension of time to file his Amended Complaint (Docket No. 63) which was Granted, giving Plaintiff until December 7, 2018 to file his Amended Complaint (Docket No. 64). At that time, the Court noted that "no further extension will be granted." *Id.* After Plaintiff failed to file an Amended Complaint or take any other action the Defendants filed a Motion to Dismiss for Plaintiff's Failure to Prosecute and Failure to Comply with Court's Orders. Docket No. 65. Plaintiff filed a timely response to the Motion alleging that he "sent out his Amended Complaint" and "some where it got lost in the mail." Docket No. 70.

On April 11, 2019, the undersigned issued an Order allowing the Plaintiff an additional 30 days to properly refile his Amended Complaint. Docket No. 73. Plaintiff was specifically warned that the Court would grant no further extensions of time and should the Court fail to receive his properly refiled Amended Complaint the undersigned would recommend dismissal of the action with prejudice. *Id.*

While the Plaintiff has filed two motions for extension of time to complete discovery in this case (Docket Nos. 72, 74), he has not complied with the Court's Order directing him to refile his Amended Complaint.

## II.
## ANALYSIS

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking

relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct.; *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980), *citing Link*, 370 U.S. at 626 ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal").

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

The saga of Plaintiff's efforts to amend his Complaint in this matter began with his filing a Motion for Leave to Amend on April 11, 2018. Docket No. 10. It has been more than a year and Plaintiff has been given multiple opportunities to properly amend his complaint in a form required by the Federal Rules of Civil Procedure and the Local Rules of Court. He has inexplicably failed to do so. He has furthermore been warned of the consequences of his failure to do so that include the dismissal of his action. While it is not the intention of the Court to put form over substance, compliance with the Rules of Court and Orders of this Court are not optional suggestions even for pro se litigants.

The repeated disregard of this Court's Orders demonstrates willfulness, bad faith and fault

3

under the first factor because Plaintiff's conduct can only be interpreted as either an attempt to thwart the proceedings of this case or reckless disregard for the effect of his conduct on the case. *Schafer v. City of Defiance Police Dept.,* 529 F. 3d 731, 739 (6th Cir. 2008)(Plaintiff's failure to re-file his complaint in the time provided by the Court and failure to seek an extension until after the deadline supported dismissal because the conduct "shows willfulness and fault in that he was at best extremely dilatory and in not pursuing his claim, which indicates an intension to let his case lapse).

It is clear that the Plaintiff is solely responsible for the delay in prosecution of this matter. It was his request to amend his Complaint and his failure to do so despite being given repeated opportunities by the Court that led us to this point. Because Plaintiff indicated an intention to amend his complaint, the Defendants have been prejudiced as a result of the delay which limited their ability to conduct discovery and advance the case while waiting on Mr. Johnson to file his Amended Complaint to comply with the Court's Orders.

Prior notice of the potential for dismissal is a key consideration in determining whether to dismiss a case under Rule 41. *Stough v. Mayville Community Schools*, 138. F. 3d 612, 615 (6th Cir. 1998). Here, Plaintiff was on notice of the potential for dismissal of his case. The Court's Order allowing him yet another opportunity to properly refile his Amended Complaint stated as follows:

> Plaintiff is advised that the Court will grant no further extensions of time and that, should the Court fail to receive Plaintiff's properly re-filed Amended Complaint during the next 30 days, the undersigned will recommend dismissal of this action with prejudice.
>
> IT IS SO ORDERED

Docket No. 73.

On this record, the Court finds that Plaintiff had more than sufficient notice of the

4

possibility of dismissal for failure to comply with the Court's Orders.

The only remaining question is to determine the availability and appropriateness of other, less drastic sanctions than dismissal. *Shafer, supra.* No sanction less drastic than dismissal is appropriate in this case. As noted above, the efforts to secure Plaintiff's compliance with this Court's Orders has been an ongoing endeavor for over a year. He has had multiple opportunities to comply with the Court's Orders and has failed to do so. Because of Plaintiff's failures the Defendants have been prejudiced in that they have been unable to file an Answer or responsive pleading, have not been put on notice of the substance of Plaintiff's claims against them and not been able to conduct discovery of Plaintiff's claims. Plaintiff's various filings represent that he is certainly able to prosecute this case and for whatever reason he has chosen not to. There are no sanctions less drastic than dismissal in light of these circumstances and Plaintiff has been repeatedly and specifically warned that the undersigned would recommend dismissal of his action if he did not comply with the Court's Orders to allow this case to proceed. Nonetheless, he has failed to do so. Based upon the Plaintiff's repeated failures to comply with this Court's Orders, the Federal Rules of Civil Procedure and Local Rules of Court, the undersigned recommends that this action be dismissed.

### III.
### CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss for Plaintiff's Failure to Prosecute and Failure to Comply with Court's Orders (Docket No. 65) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen

(14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**U. S. District Magistrate Judge**