IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN JOHNSON, | ) |
|     Plaintiff, | ) |
| v. | ) NO. 1:18-cv-00010 |
| | ) |
| CHERRY LINDAMOOD, et al., | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE FRENSLEY |
|     Defendants. | ) |

## ORDER

Pending before the Court is the magistrate judge's Report and Recommendation (Doc. No. 76), recommending that the Court grant Defendants' Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court's Orders (Doc. No. 65). In the report and recommendation, the magistrate judge recounted the lengthy record surrounding Plaintiff's filing an amended complaint. After several extensions of time, on April 11, 2019, the magistrate judge issued an Order allowing Plaintiff an additional 30 days to file his Amended Complaint. The Amended Complaint was not filed with the Court during the allotted time, and on June 3, 2019, the magistrate judge issued the instant report and recommendation recommending that the case be dismissed. Plaintiff thereafter filed an Amended Complaint (Doc. No. 77, postmarked June 7, 2019) and objections to the report and recommendation (Doc. No. 78, postmarked June 13, 2019). Both filings were received by the Court within the fourteen days of the report and recommendation. Plaintiff provided evidence that he did, in fact, mail his Amended Complaint within the deadline directed by the Court, but the mail was returned to him. (Doc. Nos. 77, 78-1 (showing postmark of April 24, 2019, and mail returned as undeliverable on May 27, 2019)).

On June 18, 2019, Defendants filed a Motion to Strike Amended Complaint (Doc. No. 79) on grounds that it was not timely filed.

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't.*, 529 F. 3d 731, 737 (6th Cir. 2008). The Court of Appeals for the Sixth Circuit has noted that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or continuous conduct by the plaintiff." *Carter v. City of Memphis*, 636 F.2d 159, 162 (6th Cir. 1980).

A finding of fault in the context of failure to timely file pleadings requires "evidence that the plaintiff intended to 'thwart' the judicial proceedings or had a 'reckless disregard' for the effect

his conduct would have on the case." *Schafer*, 529 F. 3d at 739 (citing *Wu v. T.W. Wang*, 420 F.3d 641, 643 (6th Cir. 2005)). In light of evidence showing Plaintiff's attempt to file an Amended Complaint within the deadline ordered by the magistrate judge, the Court finds a lack of willfulness or bad faith on the part of the Plaintiff. Accordingly, dismissal for failure to prosecute or failure to comply with a court order is not warranted at this time.

For this reason, the Plaintiff's objections are **SUSTAINED** and the Report and Recommendation ("R&R") is **REJECTED**. Defendants' Motion to Strike Amended Complaint (Doc. No. 79) is **DENIED**. Plaintiff's Amended Complaint (Doc. No. 77) shall be the operative complaint in this case. Plaintiff is cautioned to be attentive to the filing deadlines and shall address court filings as follows to insure they are properly delivered by the postal service and docketed by the Court:

        U.S. District Court
        801 Broadway, Room 800
        Nashville, TN 37203

It is so **ORDERED**.

        _____
        WILLIAM L. CAMPBELL, JR.
        UNITED STATES DISTRICT JUDGE