IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN JOHNSON,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CHERRY LINDAMOOD, et al.,  )<br>    Defendants.  ) | Civil Action No. 1:18-cv-0010<br>Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION AND BACKGROUND

Plaintiff, Kevin Johnson ("Mr. Johnson"), filed this pro se prisoner action pursuant to 42 U.S.C.A § 1983 claiming that his Eighth Amendment rights were violated while he was housed at the South Central Correctional Facility ("SCCF"). Docket No. 77. Specifically, Mr. Johnson alleges that he suffered from health problems caused by the mold growing in his cell and that he was shocked repeatedly by the exposed electrical wiring in his cell. *Id.* at 2. His Amended Complaint brings claims against Defendants Cherry Lindamood (Warden), Ryan Deatherage (Chief of Unit Management), and Stanley Wilbanks (Sanitation Sargent) ("Defendants"). *Id.* at 8. In his Amended Complaint, Mr. Johnson brings Eighth Amendment claims with respect to the alleged infestation of mold and exposed wiring in his cell and alleges that, despite being aware of these issues, Defendants failed to correct them. *Id.* at 2.

This matter is now before the Court upon Defendants' Motion to Dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 81. Defendants filed contemporaneously a memorandum of law to support their Motion to Dismiss. Docket No. 82. Defendants argue that Mr. Johnson's Eighth Amendment claims do not meet the standard under Rule 12(b)(6) because Mr. Johnson failed to allege specific actions or omissions taken by the

Defendants which deprived Mr. Johnson of his rights. Docket No. 82, pp. 4-8. Mr. Johnson has not responded to Defendants' Motion to Dismiss. For the reasons set forth below, the undersigned recommends that Defendants' Motion (Docket No. 81) be **GRANTED IN PART** and **DENIED IN PART**.[1]

On January 26, 2018, Mr. Johnson filed his original Complaint in this matter. Docket No. 1. Mr. Johnson thereafter filed a Motion for Leave to file an Amended Complaint, which was granted. Docket Nos. 10, 13. On May 11, 2018, Mr. Johnson subsequently filed his Amended Complaint but neglected to sign it. Docket No. 25. As a result, the undersigned entered an order instructing Mr. Johnson to correct the lack of signature and Mr. Johnson subsequently filed a Second Amended Complaint. Docket Nos. 34, 35. Mr. Johnson then filed his Amended Petition Complaint against Defendants which corrected his lack of signature on his Amended Complaint. Docket No. 37.

On October 17, 2018, Mr. Johnson filed a Motion for Extension of Time to amend the Complaint, which was granted. Docket Nos. 61, 62. On November 5, 2018, Mr. Johnson again filed a Motion for Extension of Time. Docket No. 63. The Court granted the motion and advised that no further extension would be granted. Docket No. 64. On June 3, 2019, the undersigned then issued a Report and Recommendation, recommending that the Court dismiss the case because of Mr. Johnson's repeated failure to timely file his Amended Complaint. Docket No. 76. Nine days later, Mr. Johnson filed his Amended Complaint. Docket No. 77. Mr. Johnson thereafter filed an Objection to the Report and Recommendation arguing that it should be rejected because he did

---

[1] Because the instant Motion to Dismiss is brought only by Defendants Lindamood, Deatherage, and Wilbanks, the undersigned will limit discussion of the facts and issues herein to those that are relevant to Mr. Johnson's claims against Defendants Lindamood, Deatherage, and Wilbanks. The undersigned expresses no opinion herein regarding the remainder of Mr. Johnson's claims against the other Defendants.

2

timely file the Amended Complaint, but it "got lost in the mail." Docket No. 78. Subsequently, Defendants filed a Motion to Strike Mr. Johnson's Amended Complaint. Docket No. 79.

On January 9, 2020, the Court entered an order that rejected the Report and Recommendation because Mr. Dodson had provided "evidence that he did, in fact, mail his Amended Complaint within the deadline directed by the court, but the mail was returned to him." Docket No. 80, p. 1. Moreover, the Court instructed the parties that Mr. Johnson's Amended Complaint shall serve as the operative complaint in the case at bar. Docket No. 80, p. 3.

Mr. Johnson is seeking declaratory and injunctive relief along with nominal, compensatory, and punitive damages. Docket No. 77, p. 9. Specifically, Mr. Johnson is suing Defendant Lindamood for $200,000, Defendants Wilbanks for $100,000, and Defendant Deatherage for $100,000. *Id.* Additionally, Mr. Johnson requests that Defendants be fired "or at the least have a drop in [r]ank." *Id.*

## II. FACTUAL ALLEGATIONS

From approximately December 12, 2016 to January 22, 2017 while he was housed at SCCF, Mr. Johnson alleges that his Eighth Amendment rights were violated because he suffered harm from shocks caused by the exposed electrical wiring in his cell, and because he suffered medical ailments from the infestation of mold which covered his cell walls, mattress, blankets, and sheets. Docket No. 77, p. 1-2. Mr. Johnson's medical ailments included migraine headaches, nausea, chest pressure, and chest congestion. *Id.* Mr. Johnson was only able to recover a log concerning his claims starting on December 26, 2016 because his first log "came up missing in a cell search." *Id.* at 2.

### A. Mold Infestation

Regarding the mold infestation, Mr. Johnson argues that he asked repeatedly for his cell to

3

be cleaned, or in the alternative, to be provided a cleaning kit. *Id.* at 3-4, 6-7. Mr. Johnson alleges that he alerted Defendant Deatherage to his living conditions when Rhonda Staggs, another prison official, did not respond. *Id.* at 3. On January 5, 2017, prison staff removed Mr. Johnson from his cell to clean it. *Id.* at 5. Mr. Johnson alleges that fellow inmates, who witnessed the cleaning process, told Mr. Johnson that "[Correctional Officer] Donaldy Bright and [three] inmates went into my cell and scrubbed one spot on the wall for [two] minutes then stopped [d]ue to the [correctional officer] [g]etting [b]leach in his eyes." *Id.* at 5. Five days later, Mr. Johnson alleges that Nurse Matt Smith told Mr. Johnson that Nurse Rick Plunk "had spoken to Defendant Stanl[e]y Wilbanks who indicated that he would have the cells cleaned for mold [and] fungi." *Id.* at 7.

### B. Exposed Electrical Wiring

Mr. Johnson alleges that Defendants were aware of the exposed wiring and the shocks it caused Mr. Johnson but did not remedy the problem. *Id.* at 2, 4, 6. Additionally, Mr. Johnson alleges that "Captain Kiddy came to my cell and took 6 pictures of the mold and light switch." *Id.* at 6.

### III. LAW AND ANALYSIS

### A. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) provides that a claim can be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The

4

"[f]actual allegations must be enough to raise a right to relief above the speculative level"; and must state a "claim to relief that is plausible on its face." *Id.* at 544, 570; *see also, Ass'n of Cleveland FireFighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has addressed the appropriate standard that must be applied when considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.

*Id.* at 678-79 (internal quotation marks and citations omitted).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citations omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed.

5

R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. 42 U.S.C. § 1983

Mr. Johnson alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C § 1983. Docket No. 77. Section 1983 provides, in part, that:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the *deprivation of any rights, privileges, or immunities secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

(emphasis added).

Thus, in order to state a claim under § 1983, Mr. Johnson must allege: (1) a violation of a right protected by the Constitution or the laws of the United States; and (2) that the claimed deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988), *citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other grounds). The Supreme Court has held that the Constitution protects the rights of a prisoner against a guard acting with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Additionally, a prison official acting with deliberate indifference to a substantial risk of serious harm to a prisoner violates the Eighth Amendment. *Farmer v. Brennan*,

6

511 U.S. 825, 828 (1994). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, *citing U.S. v. Classic*, 313 U.S. 299, 325-26 (1941).

### C. The Case at Bar

#### 1. Defendant Lindamood

Mr. Johnson's first and only mention of Defendant Lindamood occurs when Mr. Johnson lists the Defendants named within his Amended Complaint. *See* Docket Nos. 77, p. 8; 82, p. 6. No factual allegations against Defendant Lindamood are contained within the Amended Complaint. *See* Docket No. 77.

Defendants argue that "because Plaintiff failed to make any factual allegations against Defendant Lindamood, he has failed to state a claim against her, and she must be dismissed from this lawsuit." Docket No. 82, p. 6.

Mr. Johnson fails to mention, either directly or indirectly, any actions or omissions by Defendant Lindamood that caused him harm. *See* Docket No. 77. Therefore, the Amended Complaint does not meet the *Twombly* standard because factual allegations "must be enough to raise a right to relief above the *speculative* level" and state a claim to relief that is plausible on its face. 550 U.S. at 555-56, 570 (emphasis added). Accordingly, Mr. Johnson's claim against Defendant Lindamood should be dismissed.

#### 2. Defendant Deatherage

Mr. Johnson's claim against Defendant Deatherage is as follows:

> I just sent out my 3rd [r]equest to Rhonda Staggs over my living conditions and also one to Chief De[a]th[e]rage s[i]nce she won[']t respond to me.

Docket No. 77, p. 3.

7

Defendants contend that Mr. Johnson's claim against Defendant Deatherage fails to meet the 12(b)(6) plausibility standard because "Plaintiff failed to allege any specific conduct by Defendant Deatherage which resulted in his conditions of confinement." Docket No. 82, p. 6. Additionally, Defendants argue that Defendant Deatherage's failure to respond to Mr. Johnson's request, even if true, does not amount to a constitutional violation. *Id.*

While the Court has liberally construed Mr. Johnson's Amended Complaint to allege Eighth Amendment claims against Defendant Deatherage, Mr. Johnson mentions Defendant Deatherage only once in the entirety of his Amended Complaint. Docket No. 77, p. 3. In his Amended Complaint, Mr. Johnson alleges that he sent a living conditions request to Defendant Deatherage. *Id.* No further action or communication was alleged within the Amended Complaint. *See* Docket No. 77. Even though a complaint need not be overly detailed, it must allege factual allegations that go beyond purely speculative in order to survive a 12(b)(6) motion. *See Twombly*, 550 U.S. at 555-56, 570; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). Mr. Johnson's Amended Complaint, while alleging that Defendant Deatherage at least received a request from Mr. Johnson, fails to plausibly show how Defendant Deatherage's acts or omissions contributed to his harm. *See* Docket No. 77; *Iqbal*, 556 U.S. at 679. The Court can only speculate as to a connection between Defendant Deatherage's supposed inactions and the harms alleged to have been suffered by Mr. Johnson. *See* Docket No. 77. Accordingly, Mr. Johnson's claim against Defendant Deatherage should be dismissed.

    **3.    Defendant Wilbanks**

Mr. Johnson's claim against Defendant Wilbanks is as follows:

    Jan[uary] 10th, 2017

8

> Nurse Matt Smith came to Plaintiff[']s door and told Plaintiff that Nurse Rick Plunk had spoken to Defendant Stanl[e]y Wilbanks who indicated that he would have the cells cleaned for mold [and] fungi.

Docket No. 77, p. 7.

Defendants aver that Mr. Johnson's claim against Defendant Wilbanks fails on two grounds. Docket No. 82, p. 7-8. First, Defendants argue that the sole allegation listed in Mr. Johnson's complaint against Defendant Wilbanks, even if taken as true, fails to state a claim that Defendant Wilbanks knew of and disregarded an excessive risk to Mr. Johnson's health or safety. *Id.* Second, Defendants argue that even if Mr. Johnson's allegation against Defendant Wilbanks is enough to meet the standard, Mr. Johnson fails to show how Defendant Wilbanks' actions, or lack thereof, harmed him. *Id.*

While Mr. Johnson does not have to show a likelihood of success on the merits to survive a 12(b)(6) motion, he must show that he has a plausible claim which entitles him to relief. *See Twombly*, 550 U.S. at 556; 570. For there to be a cognizable claim under § 1983 against Defendant Wilbanks, Mr. Johnson must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Here, Mr. Johnson alleges a plausible claim that Defendant Wilbanks knew that there was mold in Mr. Johnson's cell, that Defendant Wilbanks said he would have the cell cleaned for mold and fungi, that Defendant Wilbanks failed to do so, and that Mr. Johnson was thereby harmed. *See* Docket. No. 77, p. 7. Taking Mr. Johnson's factual allegations as true as required at this stage, it is plausible that Defendant Wilbanks was aware of the conditions failed to have the cells cleaned for mold and fungi and that, in doing so, Defendant Wilbanks acted with deliberate indifference, to Mr. Johnson's health. *Twombly*, 550 U.S. at 556; *see* Docket No. 77, p. 7. Accordingly, Defendants' Motion to Dismiss should be denied as to the claims against Defendant Wilbanks.

9

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned finds that Mr. Johnson failed to state a claim upon which relief can be granted against Defendants Lindamood and Deatherage, but that Mr. Johnson has stated a claim upon which relief can be granted against Defendant Wilbanks. The undersigned therefore recommends that the Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) (Docket No. 82) be **GRANTED IN PART** with regard to Defendants Lindamood and Deatherage and be **DENIED IN PART** with regard to Defendant Wilbanks.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report can constitute a waiver of further appeal of this Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

10

Case 1:18-cv-00010 Document 93 Filed 08/21/20 Page 10 of 10 PageID #: 371