IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 1:18-cv-00010 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| CHERRY LINDAMOOD, et al., | ) | FRENSLEY |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 93) recommending the Motion to Dismiss (Doc. No. 81) filed by Defendants Cherry Lindamood, Ryan Deatherage, and Stanley Wilbanks be **GRANTED** with regard to the claims against Defendants Lindamood and Deatherage, and **DENIED** with regard to the claims against Defendant Wilbanks. Defendant Wilbanks filed Objections to the Report and Recommendation. (Doc. No. 94).

After a *de novo* review, and for the reasons stated herein, Defendant Wilbanks's objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, Defendants' Motion to Dismiss (Doc. No. 81) is **GRANTED** in part, and **DENIED** in part.

### I. BACKGROUND

Plaintiff Kevin Johnson filed this action *pro se* claiming that his Eighth Amendment rights were violated while he was housed at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. Plaintiff brings claims under 42 U.S.C. § 1983 for violation of the Eight Amendment against the Warden, Cherry Lindamood, the Chief of Unit Management, Ryan

Deatherage, and the Sanitation Sargent, Stanley Wilbanks.  Plaintiff claims his cell contained exposed wiring that repeatedly cause him electrical shocks and that his cell was infested with mold and fungi.[1]  Plaintiff alleges that between approximately December 12, 2016, to January 22, 2017, he suffered from health problems due to mold growing in his cell that covered the walls, mattress, blankets, and sheets.  He repeatedly requested that his cell be cleaned or for cleaning supplies to clean the cell himself.  On January 5, 2017, he was removed from his cell, ostensibly for cleaning.  Johnson claims the cell was not cleaned and that other inmates told him the cleaners "Scrubbed one spot for 2 minutes then stopped Due to the c/o Getting Bleach in his eyes."  On January 10, 2017, Nurse Matt Smith told Plaintiff that Nurse Rick Plunk "had spoken to Defendant Stanl[e]y Wilbanks who indicated he would have the cells cleaned for mold [and] fungi."  On January 17, 2017, Plaintiff requested new bedding so he "could have sheets and bedding without mold."  He was not given new bedding at this time and asked again on January 19.  On January 21, 2017, he got a new sheet "that was already growing mold on it."

Defendants Cherry Lindamood, Ryan Deatherage, and Stanley Wilbanks filed a Motion to Dismiss. (Doc. No. 81).  Plaintiff did not file a response.  The Magistrate Judge found that the Complaint did not identify any actions or omissions by Lindamood or Deatherage that caused Plaintiff harm and recommended dismissal of the claims against them.  The Magistrate Judge found that Plaintiff stated a plausible claim that Defendant Wilbanks acted with deliberate indifference when he failed to have the cells cleaned for mold and fungi and recommended denying the motion to dismiss the claim against Defendant Wilbanks.

---

[1] The facts are as stated in the Amended Complaint. (Doc. No. 77).

Defendant Wilbanks filed objections to the recommendation that the claims against him be allowed to proceed. Wilbanks argues that the claims against him should be dismissed because Plaintiff did not specifically allege that Wilbanks "actually perceived harm to Plaintiff if he failed to clean Plaintiff's cell." Wilbanks argues, "Plaintiff make no allegation whatsoever that Defendant Wilbanks actually perceived that the conditions of Plaintiff's cell would place Plaintiff's health at an excessive risk of harm and then deliberately disregarded that risk."

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all

reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Because Plaintiff proceeds *pro se*, the Court construes his filings "liberally" and holds his complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. ANALYSIS

Plaintiff alleges violations of his Eight Amendment rights pursuant to 42 U.S.C. § 1983. The claim as it related to Defendant Wilbanks is that Wilbanks was deliberately indifferent to a substantial risk of harm to Plaintiff presented by the infestation of mold and fungi in his cell. The Eight Amendment imposes an obligation to provide prisoners with, among other things, reasonable shelter, sanitation, and medical care to guarantee prisoner safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A claim that prison officials have failed to meet this obligation requires: (1) a "sufficiently serious" deprivation and (2) "deliberate indifference to inmate health or safety" on the part of a prison official. *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 352 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 834). To prevail on a claim of deliberate indifference, a plaintiff must demonstrate that the defendant: (1) had actual knowledge of facts from which the inference could be drawn that a risk of substantial harm existed; and (2) actually drew the inference. *Taylor v. Little*, 58 F. App'x 66, 67 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 837).

Wilbanks does not contend that the mold infestation in Plaintiff's cell could not be sufficiently serious or that Plaintiff's allegations fail to raise a plausible inference that he knew of the presence of mold or that the mold should be removed. He contends, however, that Plaintiff failed to specifically allege that Wilbanks knew the mold in Plaintiff's cell would place Plaintiff's health at an excessive risk of harm and then deliberately disregarded that risk.

4

Wilbanks argues the allegations do not support even a "plausible theory" that Wilbanks understood not cleaning the cell would harm Plaintiff.

The Court disagrees. Plaintiff alleges that a health professional, Nurse Rick Plunk, spoke to Wilbanks and that Wilbanks indicated he would have the cell cleaned for mold and fungi. The fact that the conversation about cleaning the cell involved a health professional raises a plausible inference that Wilbanks knew the mold posed a risk to Plaintiff's health. At this stage in the litigation, particularly considering Plaintiff's *pro se* status, Plaintiff has stated a plausible claim that Wilbanks was deliberately indifferent to his health or safety in violation of the Eighth Amendment.

## IV. CONCLUSION

For the reasons stated above, Defendant Stanley Wilbanks's Objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. No. 93) is **ADOPTED**. Accordingly, Defendants' Motion to Dismiss (Doc. No. 81) is **GRANTED**, as to the claims against Cherry Lindamood and Ryan Deatherage, and **DENIED**, as to the claims against Defendant Stanley Wilbanks.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE