IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:18-cv-00010 |
| | ) | Judge Campbell/Frensley |
| CHERRY LINDAMOOD, et al. | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss filed by Defendants Stanley Wilbanks and Rhonda Staggs. Docket No. 104. The Defendants have also filed a supporting memorandum of law. Docket No. 105. Plaintiff has not filed a response to Defendant's Motion. For the reasons stated herein, the undersigned recommends that the Defendant's Motion be GRANTED, and that this matter be DISMISSED, without prejudice.

## BACKGROUND

The Plaintiff, Kevin Johnson, a pro se prisoner, filed his original Complaint in this matter on January 26, 2018. Docket No. 1. The Court concluded, after performing its initial review under the Prison Litigation Reform Act ("PLRA"), that Plaintiff had an Eighth Amendment claim against Defendants Wilbanks and Staggs. Docket No. 4, p. 10. On May 11, 2018, the Plaintiff filed his First Amended Complaint. Docket No. 25. On June 19, 2018, Plaintiff filed his Second Amended Complaint. Docket No. 35. On June 25, 2018 the Plaintiff filed a document entitled "Amended Petition Complaint." Docket No. 37. On June 12, 2019 Plaintiff filed a document entitled "Amended Petition" that was docketed by the clerk's office as Amended Complaint. Docket No. 77. That was deemed the operative complaint. Docket No. 80. Fed. R. Civ. P. 15; *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009).

The pending Motion to Dismiss was filed February 10, 2021. Docket No. 104. The Plaintiff failed to respond to the Motion. A show cause order issued March 9, 2021, instructing the Plaintiff file a response to the Motion to Dismiss by March 23, 2021. Docket No. 106. The Plaintiff has failed to respond to the Court's Order and the Motion to Dismiss is properly before the Court for disposition.

## LAW AND ANALYSIS

### A. Legal Standard

Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the courts have the power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct.; *see also Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980), *citing Link*, 370 U.S. at 626 ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal").

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the

2

Plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action is a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. C. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

**B.     The Case at Bar**

The Defendant filed the instant Motion to Dismiss for Lack of Prosecution and Failure to Comply with the Court's Orders. (Docket No. 104) and Supporting Memorandum (Docket No.

105) on February 2, 2021.

In their motion, the Defendants recount a lengthy history of the Plaintiff's failure to comply with previous court orders. Docket No. 105. They specifically note that on November 5, 2020, discovery requests were sent to the Plaintiff. *Id.* at p. 3. After not receiving responses in a timely fashion, the Defendant filed a Motion to Compel (Docket No. 100). *Id.* The Court entered an Order directing Plaintiff to respond to the discovery requests on or before February 1, 2021. Docket No. 102. That order included language explicitly warning Plaintiff that his failure to comply with the Court's orders may result in sanction up to including the recommendation that the matter be dismissed. *Id.* Defendants assert that as of the filing of the Motion, the Plaintiff had not provided responses to the discovery requests. Docket No. 105 at p. 4.

The undersigned finds that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders by the Plaintiff.

**1.      Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F. 3d at 591(6th Cir. 2001)). Although there is no indication that Johnson's failure to file a response to the defendant's motion to dismiss by the deadline was driven by bad faith, he is still "at fault for failing to comply with the Court's Order[ ]." *Malott v. Haas*, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), report and recommendation adopted by 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *See Id.* (finding that first factor weighed in favor of dismissal where plaintiff

4

had failed to respond to the defendants' summary judgment motion, despite receiving additional time to do so, and had failed to respond to the court's show-cause orders).

Plaintiff's conduct in this case represents a pattern. The procedural history is replete with instances of the Plaintiff failing to comply with court orders, the Federal Rules of Civil Procedure and Local Rules of Court. There are numerous examples of Plaintiff being given additional time to complete certain tasks yet continually failing to do so only to swoop on after some adverse ruling and receive yet additional time and opportunity to cure the previous defects. At some point however, this pattern will work to demonstrate bad faith or fault. Given the history evident on the docket it appears that time has come.

### 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F. 3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.,* 110 F. 3d 364, 368 (6th Cir. 1997)); see also *Schafer*, 529 F. 3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F. 3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F. 3 d at 739. The Sixth Circuit explained in *Schafer*

*v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F. 3d at 740.

Here, the Defendant Staggs answered the Amended Complaint on January 21, 2020. Docket No. 83. Defendant Wilbanks answered the Amended Complaint on September 28, 2020. Docket No. 96. Those steps are typical of the early stages of litigation and were not necessitated by Johnson's delay. *See Schafer*, 529 F. 3d at 739.

There is however an indication that the Defendants wasted substantial time, money, or effort due to a lack of cooperation from Johnson. On November 5, 2020, Defendant Wilbanks propounded Interrogatories and Requests for Production of Documents to Plaintiff Johnson. Docket No. 105. On December 8, 2020, after receiving no response to those requests, counsel sent a letter to Plaintiff demanding that he provide responses within fourteen (14) days of that letter. *Id.* On January 8, 2021, Defendant Wilbanks filed a Motion to Compel asking the Court for Order compelling Plaintiff Johnson to provide responses to his written discovery. Docket No. 100. The Court entered an Order on January 11, 2021 advising the Plaintiff to respond to Defendant's written discovery requests by February 1, 2021. Docket No. 102. Plaintiff was forewarned that his failure to comply with the requirements of the Federal Rules of Civil Procedure, Local Rules of Court and Orders of this Court may result is sanctions up to and including dismissal of this action. *Id.*

Defendants Wilbanks and Staggs filed the instant Motion to Dismiss (Docket No. 104) and Supporting Memorandum (Docket No. 105) on February 10, 2021. Defendant Wilbanks indicated that Plaintiff had failed to respond to his written discovery by the deadline imposed by the Court. *Id.* Counsel requested that this matter be dismissed for failure to prosecute. *Id.* Plaintiff failed to

response to the Motion to Dismiss and the Court entered a show cause order directing Plaintiff to respond to the pending Motion to Dismiss by March 23, 2021. Docket No. 106. Again, Plaintiff was forewarned that failure to comply with Orders of the Court could result in a recommendation that this matter be dismissed. *Id.*

The Plaintiff's failure to take any steps to advance the litigation does prejudice the Defendant. All parties are entitled to a just and prompt resolution of their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the court should intervene. Thus, this factor weighs in favor of dismissal.

3. **Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F. 3d at 740 (quoting *Stough,* 138 F. 3d at 615). Here, the Plaintiff has been repeatedly warned of the consequences of his failure to cooperate in this litigation. Specifically, the events that led to the instant motion to dismiss arise out of the Plaintiff's failure to cooperate with the litigation. Based upon the Plaintiff's failure to participate in discovery and respond as required un the Federal Rules of Civil Procedure, the Defendant filed a Motion to Compel. Docket No. 100. In granting the Motion to Compel, the Court ordered Plaintiff to respond to the outstanding discovery request on or before February 1, 2021 and explicitly warned Plaintiff "that his failure to comply with the requirements of the Federal Rules of Civil Procedure, Local Rules of Court and Orders of this Court may result in sanctions up to and including this matter being dismissed. Docket No. 102, Nonetheless, Plaintiff has not responded to the discovery requests. Docket No. 105.

Upon Plaintiff's failure to respond to the instant motion, the Court entered a show cause order directing Plaintiff to respond to the pending motion. Docket No. 106. In that order, Plaintiff

was likewise specifically warned that his "failure to comply with this order may result in a recommendation that his case be dismissed." *Id.* This factor weighs in favor of dismissal.

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n. 5; see also *Mulbah*, 261 F. 3d at 590–91. That is so even though the defendants have filed a motion to dismiss. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. Apr. 20, 1987) (affirming dismissal of action for failure to prosecute where plaintiff had not provided the court with a current mailing address or responded to the defendants' motion dismiss despite a sixty-day extension); *Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. See *Schafer*, 529 F. 3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F. 3d at 367)).

This action was filed in January of 2018 concerning alleged events that occurred in December 2016 and January 2017. While the passage of time should motivate the Plaintiff to advance this litigation, it does not appear to have done so. Instead, this matter has remained pending without the Plaintiff taking any action to advance the litigation except and unless threatened with dismissal. Based on Plaintiff's continued and repeated failures to prosecute this action and comply with this Court's orders, dismissal is appropriate. However, because Plaintiff

8

has previously encountered difficulties for which the Court determined relief was appropriate, the undersigned does not recommend the matter be dismissed with prejudice.

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh sanction," the Plaintiff has been given every opportunity to participate in this litigation and has chosen not to do so. The Plaintiff has been given ample opportunity to cure the defects and specifically advised on several occasions that his failure to cooperative and failure to comply with the Court's orders could lead to dismissal. No other further less drastic sanction would be appropriate in this case.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Defendants' Motion to Dismiss (Docket No. 104) be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**